## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**PEYTON PIERCE**                                             **CIVIL ACTION**

**VERSUS**                                                   **NO. 20-195-BAJ-RLB**

**MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY**

### <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 2, 2020.

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**PEYTON PIERCE**                                    **CIVIL ACTION**

**VERSUS**                                           **NO. 20-195-BAJ-RLB**

**MESA UNDERWRITERS SPECIALTY**
**INSURANCE COMPANY**

## ORDER

Before the Court is Plaintiff's Second Motion for Leave to Amend Complaint (R. Doc. 13) filed on August 24, 2020. The deadline for filing an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

**I.      Background**

This is a wrongful death action filed by Rachelle Georgeson, on behalf of her minor son, Peyton Pierce, in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. (R. Doc. 1-3 at 2-4). The Petition alleges that Michael Pierce, Jr., the father of Peyton Pierce, died from fatal injuries sustained in a single-vehicle crash. (R. Doc. 1-3 at 2). The Petition further alleges that the vehicle was owned by North American Automotive Group, LLC and operated by Michael Pierce, Sr., who was insured under a public liability policy issued by the sole defendant, Mesa Underwriters Specialty Insurance Company ("Mesa"). (R. Doc. 1-3 at 2-3). Prior to removal, Peyton Pierce ("Plaintiff") reached the age of majority and was substituted as the plaintiff. (R. Doc. 1-3 at 7-8).

On April 1, 2020, Mesa removed this action on the basis that the Court can exercise diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). In relevant part, the Petition asserts that there is complete diversity because Plaintiff is a citizen of Louisiana and Mesa is a citizen of New Jersey. (R. Doc. 1 at 2-3).

On July 15, 2020, Plaintiff filed his first Motion for Leave to Amend Complaint, which sought leave to amend the Petition to include a prayer for exemplary damages and to name the following defendants: Progressive Paloverde Security Insurance Company, Progressive Insurance Centennial Company, Selective Insurance Company of the Southeast, ANPAC Louisiana Insurance Company, and Succession of Michael Pierce, Sr. (R. Doc. 11). The Court denied the motion on the basis that it failed to identify the citizenship of the proposed defendants. (R. Doc. 12). In providing Plaintiff the opportunity to file a renewed motion identifying the citizenship of the proposed defendants, the Court ordered Plaintiff to state whether the motion was opposed and, if the addition of a new party would destroy diversity, to specifically address the factors set forth in *Hensgens v. Deere & Co*., 833 F.2d 1179, 1182 (5th Cir. 1987). (R. Doc. 12 at 2).

On August 24, 2020, Plaintiff filed the instant Second Motion for Leave to Amend Complaint. (R. Doc. 13). The revised proposed pleading again seeks leave to amend the Petition to include a prayer for exemplary damages and to name the following defendants: Progressive Paloverde Security Insurance Company, Progressive Insurance Centennial Company, Selective Insurance Company of the Southeast, ANPAC Louisiana Insurance Company, and Succession of Michael Pierce, Sr. (R. Doc. 13-3). The revised proposed pleading, however, provides the alleged citizenship of the proposed defendants, including an assertion that ANPAC Louisiana Insurance Company, Michael Pierce, Jr.'s uninsured/underinsured motorists insurer, is incorporated in Missouri and has its principal place of business in Louisiana. (R. Doc. 13-3 at 1). Accordingly, if amendment is allowed, the joinder of the non-diverse defendant would destroy complete diversity and require remand of the action for lack of subject matter jurisdiction.

Plaintiff does not address the *Hensgens* decision in the Memorandum in Support of his

motion. Instead, Plaintiff addresses the addition of the non-diverse defendant in the context of

Paragraph 16 of his proposed pleading:

> The addition of defendant, **ANPAC LOUISIANA INSURANCE COMPANY**,
> would destroy diversity because its [principal] place of business is in Louisiana.
> After analyzing the factors set forth in *Hensgens v. Deere & Co*., **ANPAC
> LOUISIANA INSURANCE COMPANY** should still be added even though [it
> is] a nondiverse party. The original defendants would be faced with multiple
> lawsuits, the plaintiff's recovery would be severely limited if he is unable to
> recover from the underinsured/uninsured motorist policy covering Michael Pierce
> Jr., and it would be more efficient for judicial economy to have all the interested
> parties remaining in one suit. Using those factors, it would be more beneficial and
> efficient to add **ANPAC LOUISIANA INSURANCE COMPANY** and remand
> the lawsuit. Additionally, there have been discussions with opposing counsel for
> Mesa Underwriters Specialty Insurance Company, and he would like to reserve
> his rights to oppose this Amended Complaint regarding the addition of the new
> party that will destroy diversity.

(R. Doc. 13-3 at 3-4). While Mesa has been represented by counsel at all times since the filing of

the instant motion, it has not filed any opposition to the relief sought.[1]

## II.    Law and Analysis

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of

Civil Procedure. Under Rule 15, after the period for amendment as a matter of course elapses, "a

party may amend its pleading only with the opposing party's written consent or the court's

leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v.

Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v.

Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not

be automatically granted, "[a] district court must possess a substantial reason to deny a request

---

[1] After the instant motion was filed, Mesa moved to withdraw and substitute its counsel of record. (R. Doc. 14). The Court granted this motion. (R. Doc. 16).

for leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). In determining whether to grant leave, a court may consider several factors, including among other things, the movant's "bad faith or dilatory motive" and the "futility" of the amendment. *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Since joinder of a nondiverse defendant after removal would destroy diversity jurisdiction and require remand, a court has discretion to permit or deny joinder. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). When an amendment seeks to add a nondiverse party that would destroy jurisdiction altogether in a removed action, the court must balance the factors as set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). The court should "scrutinize that amendment more closely than an ordinary amendment" and should generally consider four factors to determine whether the amendment is appropriate: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." *Id.* at 1182. If the court permits the addition of a nondiverse defendant, it must remand the action to the state court. *Id.*

The instant unopposed motion seeks leave to add ANPAC Louisiana Insurance Company, Michael Pierce, Jr.'s uninsured/underinsured motorists insurer, as a non-diverse defendant. The Court finds no substantial reason to deny the request under Rule 15(a)(2). There is no evidence of bad faith or dilatory motive. No arguments have been presented that amendment is futile.

The *Hensgens* factors also support allowing amendment. It does not appear that the sole purpose of amendment is to defeat federal jurisdiction. In addition to ANPAC Louisiana

Insurance Company, Plaintiff seeks to add as defendants various insurer-defendants and the Succession of Michael Pierce, Sr. While it is unclear why ANPAC Louisiana Insurance Company was not named a defendant in the original Petition, amendment was sought within months of removal and within the deadline allowed for amendment. Furthermore, not allowing Plaintiff to add ANPAC Louisiana Insurance Company as a defendant in this action would potentially result in multiple lawsuits and may prejudice Plaintiff's ability to fully recover for the alleged injuries.

The current defendant has raised no arguments in support of a finding that amendment should not be allowed under Rule 15(a)(2) or the *Hensgens* factors. As the instant motion is unopposed, there are no factors presented in favor of denying amendment and remand for lack of subject matter jurisdiction.

## III.   Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Second Motion for Leave to Amend Complaint (R. Doc. 13) be **GRANTED**, and Plaintiff's Revised First Amended Complaint (R. Doc. 13-3) be entered into the record.

**IT IS FURTHER RECOMMENDED** that in light of the addition of ANPAC Louisiana Insurance Company as a non-diverse defendant, the instant action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on October 2, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**